IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JEFFERY T. HENSON,                                                            PLAINTIFF
Reg. # 23187-026

v.                                   2:22CV00195-LPR-JTK

MAHARAJ TOMAR, et al.                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.   **Introduction**

Jeffery T. Henson ("Plaintiff") is in custody at the Forrest City Low Federal Correctional Institution ("Forrest City"). On October 25, 2022, Plaintiff filed this pro se civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics. (Doc. No. 2). Plaintiff sued Maharaj Tomar, Neall Jackson, John P. Yates, and Collette Peters alleging violations of his federally protected rights. (Id.).

Plaintiff's claims against Defendants John P. Yates and Collette Peters have been dismissed for failure to state a claim on which relief may be granted. (Doc. Nos. 5, 18).

Plaintiff's deliberate indifference to serious medical needs claims against Defendants Tomar and Jackson remain pending.

On May 18, 2023, Defendant Tomar filed a Motion for Summary Judgment on the issue of exhaustion, along with a brief in support and statement of undisputed facts. (Doc. Nos. 52-54). The Court has recommended that Defendant Tomar's Motion be granted. (Doc. No. 65). The Recommendation remains pending.

On June 16, 2023, Defendant Jackson filed a Motion for Summary Judgment on the issue of exhaustion, along with a brief in support and statement of undisputed facts. (Doc. Nos. 70-72). Plaintiff has responded. (Doc. No. 76).

After careful consideration, the Court recommends Defendant Jackson's Motion be granted.

## II. Plaintiff's Claims

Plaintiff filed this lawsuit on October 25, 2022. (Doc. No. 2). In his Complaint, Plaintiff alleged that Defendant Jackson was deliberately indifferent to Plaintiff's serious dental needs. (Id. at 4, 5). Specifically, Plaintiff alleged: "I am being denied medical treatment. Dental is too busy doing intake exams, and cleanings, that the lone Dentist (DDS Jackson) is unable to provide routine repairs. I have 3 teeth that are crumbling away, and causing pain." (Id. at 5). Plaintiff further alleged that his teeth have been deteriorating since his arrival at Forrest City. (Id.). According to Plaintiff, Defendant Jackson lets routine fillings magnify, to the extent of only being able to offer teeth pulling. (Id. ).

## III. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party

bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

**IV.   Analysis**

Defendant Jackson argues that Plaintiff failed to exhaust his claims against him. (Doc. No. 72).

According to the Prison Litigation Reform Act ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

It is undisputed that the Bureau of Prisons has a four-step administrative procedure for inmate grievances codified at 28 C.F.R. §§ 542.10, *et seq*. The purpose of the administrative remedy program "is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. Inmates must first attempt to resolve their grievance or complaint informally with prison staff. 28 C.F.R. § 542.13(a). If the informal resolution is unsuccessful, the inmate must submit a written administrative remedy request (form BP-9) at the local institutional level. 28 C.F.R. §§ 542.13, 542.14. If the inmate is not satisfied

with the Warden's response, the inmate must appeal to the Regional Director on a form BP-10, and then, in turn, to the Office of the General Counsel, Bureau of Prisons, Washington, D.C, on a form BP-11. 28 C.F.R. § 542.15.

Once an inmate's request or appeal is filed, the response times are as follows: "response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." 28 C.F.R. § 542.18. These times may be extended. (Id.). "Staff shall inform the inmate of this extension in writing." (Id.). Importantly, if the "inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." (Id.).

The administrative remedy process for a grievance is not deemed exhausted unless it has been properly presented and denied at all levels. See Marlin v. Raper, case no. 2:06cv0004, 2007 WL 779710, *3 (E.D. Ark. 2007).

**B. Analysis**

In support of Defendant Jackson's Motion, he submitted the declaration of Joshua Sutton, the Administrative Remedy Coordinator for Forrest City. (Doc. No. 71-1). According to Mr. Sutton, during Plaintiff's incarceration he submitted ten grievances, none of which raise a complaint about dental care. (Id. at ¶ 14). Plaintiff contests this fact. (Doc. No. 76 at 1-2, 6). Plaintiff attached to his Response a BP-9 form in which he complained about dental care. (Id. at 6). Plaintiff says he filed the BP-9 form on October 26, 2022, but received no response. (Id. at 2). The form reads:

> Two days after arriving at F.C.I. Forrest City Low, I submitted a request (attached), to the Dentist for dental repairs on 03/24/2022. I received a response stating 'You have been added to the treatment list,' by RDA E. Scott. It has now been more than seven (7) months since the reply was sent to me but nothing has been done and

> I continue to suffer. My teeth are extremely sensitive, and deteriorating. Trying to eat or drink anything gets more painful and uncomfortable to the point that I have started to lose weight. All my teeth need is simple repairs. Any assistance in getting this done quickly will be greatly appreciated.

(Id. at 6).

Plaintiff also points out that he also submitted electronic requests directly to Defendant Jackson, but Defendant Jackson ignored the requests. (Id. at 3). Additionally, Plaintiff claims he was retaliated against during his attempts to exhaust his administrative remedies. (Id.).

Accepting the facts in the light most favorable to Plaintiff, Plaintiff filed his BP-9 on October 26, 2022. Plaintiff should have received a response within 20 calendar days. 28 C.F.R. § 542.18. Plaintiff says he did not receive any response. But the policy provides that if the "inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." (Id.). Plaintiff, then, should have proceeded to the next level of review as his grievance was denied as a result of the lack of response. In other words, Plaintiff is not excused from exhausting his administrative remedies because he received no response to his BP-9.

Plaintiff alleges he was retaliated against during his efforts to exhaust his administrative remedies. (Doc. No. 76 at 2). Plaintiff points to an Incident Report by Defendant Tomar in which Defendant Tomar complains that Plaintiff "emailed [Defendant Tomar] seven times in just 5 weeks for the same issue because [Plaintiff] simply did not accept that he had to wait because his issue is not urgent." (Doc. No. 59 at 20). The incident report was a re-write. The original incident report complained that Plaintiff

> sent multiple emails about an issue for which he has follow up. In each instance, [Plaintiff] escalated despite [Defendant Tomar's] instruction to avoid contacting [Defendant Tomar] about this matter. [Plaintiff] has no right to waste [Defendant Tomar's] time and needs to be held accountable.

6

(Id.).

While Plaintiff says he was retaliated against while he was trying to pursue administrative remedies, emailing a medical provider is not part of the BOP's established process for exhausting administrative remedies. Plaintiff's allegation of retaliation does not indicate that any prison official threatened Plaintiff with retaliation if Plaintiff chose to pursue administrative remedies through the established process. East v. Minnehaha Cnty., 986 F.3d 816, 821 (8th Cir. 2021). As such, fear of retaliation did not excuse Plaintiff from exhausting his administrative remedies.

Plaintiff points out that he filed a BP-9 complaining of inadequate dental care. Plaintiff does not assert that he proceed with his appeal after receiving no response. The applicable policy required Plaintiff to do so. Plaintiff alleged retaliation in his efforts to exhaust the grievance process. But emailing medical providers directly is not part of the grievance process. All things considered, there are no material facts in dispute that would make granting summary judgment in Defendant Jackson's favor inappropriate; Plaintiff failed to exhaust his administrative remedies against Defendant Jackson.

There is a pending Recommendation that Plaintiff's claims against Defendant Tomar be dismissed. If the Court adopts that Recommendation as well as the one at hand, there will be no live claims remaining in this case. Accordingly, the Court will recommend that Plaintiff's Complaint be dismissed without prejudice.

## V.    Conclusion

IT IS THEREFORE RECOMMENDED that:

1. Defendant Jackson's Motion for Summary Judgment on the issue of exhaustion (Doc. No. 70) be GRANTED;

2. Plaintiff's claims against Defendant Jackson be DISMISSED without prejudice for failure to exhaust administrative remedies;

3. Plaintiff's Complaint be DISMISSED without prejudice;

4. Plaintiff's pending Motion to Compel (Doc. No. 75) be DENIED as moot.

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 21st day of July, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE