IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JEFFERY T. HENSON** **PLAINTIFF**
Reg #23187-026

v. No: 2:22-cv-00195-LPR

**MAHARAJ TOMAR, et al.** **DEFENDANTS**

## ORDER

The Court has reviewed each of the pending Proposed Findings and Recommendations (PRDs) submitted by United States Magistrate Judge Jerome T. Kearney[1] and Plaintiff's Objections to each of the PRDs.[2] After a *de novo* review of the PRDs, and careful consideration of all of Plaintiff's various objections as well as the entire record, the Court concludes that the PRDs should be, and hereby are, approved and adopted in their entirety as this Court's findings and conclusions in all respects.[3]

---

[1] Docs. 58, 65, & 77.

[2] Docs. 64, 73, & 81.

[3] With respect to the PRD regarding Defendant Tomar's summary judgment motion (Doc. 65), the exhaustion issue is a closer call than the PRD reveals. It is true that 28 C.F.R. § 542.18 directs that "[i]f the inmate does not receive a response [from the Warden] within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." However, it is also true that "[a]ppeals to the Regional Director shall be submitted on the form designated for regional Appeals (BP-10) *and accompanied by one complete copy or duplicate original of the institution Request and response*." 28 C.F.R. § 542.15(b)(1) (emphasis added). The latter regulation could be interpreted to prevent the filing of an appeal to the Regional Director when there is no BP-9 response to attach to the appeal. But, in context, that's not the best reading of the regulation. Considering the above-quoted regulations together, it must be the case that an inmate may appeal a warden's non-response by filing a BP-10 form without attaching the BP-9 response. Otherwise, the use of the phrase "at that level" in § 542.18 would be rendered superfluous. Had Plaintiff testified (by way of some verified document) or provided any other evidence that he requested, and was refused, a BP-10 form from his counselor, the Court may well have found that Plaintiff's administrative remedies were unavailable to him (and thus excused his failure to exhaust). Plaintiff did not testify to this, nor did he provide any evidence of it. The closest that Plaintiff comes is his statement that he "was not allowed to proceed to the next step, as the Counselor kept requesting (via e-mail) the response to the BP-9." Pl.'s Resp. to Def. Tomar's Mot. for Summ. J. (Doc. 59) at 3. That's not a statement that the counselor refused to provide Plaintiff a BP-10 form. In context, the e-mails being referenced appear to be a series of e-mails between the counselor and other prison staff. They are not e-mails denying Plaintiff a BP-10 form. *See* Pl.'s Mot. for Order (Doc. 61) at 1–2.

Finally, with respect to the PRD regarding Defendant Jackson's summary judgment motion (Doc. 77), the Court wishes to note one point on which the parties and the PRD were silent: The October 26, 2022 BP-9 was allegedly filed a day after the instant lawsuit.

Accordingly, IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 51) is DENIED;

2. Defendant Tomar's Motion for Summary Judgment on the issue of exhaustion (Doc. 52) and Defendant Jackson's Motion for Summary Judgment on the issue of exhaustion (Doc. 70) are GRANTED;

3. Plaintiff's claims against Defendants Tomar and Jackson are DISMISSED without prejudice for failure to exhaust administrative remedies;

4. Plaintiff's Complaint is DISMISSED without prejudice;

5. Plaintiff's Motion for Order Directing Production (Doc. 61), Motion to Compel (Doc. 75), and Motion for Sanctions (Doc. 83) are DENIED as moot;

6. Plaintiff's Motion for Copies (Doc. 86) is GRANTED. The Clerk is directed to send Plaintiff a copy of the docket sheet in this case.

7. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 8th day of November 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE